FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50045 |
| Plaintiff - Appellee, | D.C. No. CR-04-00042-VAP-1 |
| v. | |
| JAMES SANDERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted December 9, 2010
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

James Sanders appeals his conviction for conspiring to possess and

possessing child pornography, traveling interstate with the intent to engage in a

sexual act with a minor, and aggravated sexual abuse of a minor under 12 years of

age.  On appeal, Sanders challenges: (1) the district court's denial of his motion to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

suppress statements he made and evidence obtained from a backpack seized from his work truck when he was detained; (2) the sufficiency of the evidence regarding the counts on sexual abuse of a minor; (3) prosecutorial misconduct in the way of improper vouching; and (4) the reasonableness of his 240-month sentence. We affirm his conviction and sentence.[1]

**1**. The denial of a motion to suppress is reviewed de novo and the trial court's factual findings are reviewed for clear error. *United States v. Aukai*, 497 F.3d 955, 958 (9th Cir. 2007). Here, Agent Arnold properly detained Sanders while executing a valid warrant, and we have held that *Miranda* warnings are not required for a detention incident to a valid search warrant, so long as the officers' questioning "stays within the bounds of questioning permitted during a *Terry* stop." *United States v. Davis*, 530 F.3d 1069, 1080-81 (9th Cir. 2008). Even if Sanders were in custody when his first statements were made, the statements were admissible because he spoke spontaneously after he was told not to talk and that he would be given *Miranda* warnings later. His later statements were made when he was no longer in custody, and thus are admissible. Moreover, his backpack and the laptop computer in the backpack were seized based on probable cause that they

---

[1] The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

contained evidence of illicit activity or contraband, namely child pornography. Accordingly, the district court did not err in admitting evidence of Sanders' statements and the contraband.

**2**. In reviewing a challenge to the sufficiency of the evidence to support a conviction, the court considers whether, viewing the evidence in the light most favorable to the prosecution, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *United States v. Stanton*, 501 F.3d 1093, 1100 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). Here, viewed in the light most favorable to the prosecution, the evidence in the form of chat logs, Sanders' testimony, and the testimony of the minor's father, was sufficient to support the jury's finding that Sanders traveled to New Mexico with the intent to engage in sex with a minor and that he did travel to New Mexico and attempted to engage in sex with a seven year-old boy in December 2000. The district court properly denied Sanders' motion for acquittal.

**3**. Although generally a prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of a government witness, we have recognized that a prosecutor must "have reasonable latitude to fashion closing arguments," including "the freedom to argue reasonable inferences based on the evidence." *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991).

3

Moreover, where, as here, there is no timely objection in the district court to a prosecutor's alleged vouching, on appeal, the defendant's claim is reviewed only for plain error. *United States v. Brooks*, 508 F.3d 1205, 1209 (9th Cir. 2007). Here, even if the prosecutor's statement concerning a witness's candor and honesty was vouching, it was not plain error and, in light of the considerable evidence of Sanders' guilt, there is no "miscarriage of justice" in affirming his conviction. *See Molina*, 934 F.2d at 1446.

4. A district court's sentencing decision is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). When a district court departs from the Guidelines, it should "ensure that the justification is sufficiently compelling to support the degree of the variance," and on appeal, we consider the totality of the circumstances and "give due deference to the district court's decision." *Carty*, 520 F.3d at 991, 993. We also give considerable deference to a district court's determination of the appropriate supervised release conditions, reviewing those conditions deferentially, for abuse of discretion. *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006). Here, the district court properly considered the Guidelines, the factors set forth in 18 U.S.C. § 3553(a), and Sanders' arguments concerning his age and solitary situation. The district court adequately explained

4

its reasons for the sentence imposed. Sanders has not shown that the conditions of supervised release limiting the materials he may possess and the organizations with which he may associate are an abuse of the district court's discretion.

Sanders' conviction and sentence are AFFIRMED.